# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| DAN BOGER, *On Behalf of Himself and Others Similarly Situated*,<br><br>      Plaintiff,<br><br>      v.<br><br>TRINITY HEATING & AIR, INC., d/b/a TRINITY SOLAR, and MEDIA MIX 365,<br><br>      Defendants. | Civil Action No. TDC-17-1729 |

## MEMORANDUM OPINION

Plaintiff Dan Boger has brought this putative class action against Defendants Trinity Heating & Air, Inc. ("Trinity") and Media Mix 365 ("Media Mix"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2012), and the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code Ann., Com. Law §§ 14-3201 to 3202 (2013). Boger alleges that Trinity and Media Mix violated these laws by using an automatic telephone dialing system ("ATDS") to call his cellular telephone without his consent. Pending before the Court are two Motions to Dismiss, one filed by Trinity and the other by Media Mix. Having reviewed the pleadings and the briefs, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions are DENIED.

## BACKGROUND

Trinity, a company that installs solar power systems, uses telemarketing to reach new customers. To that end, it hired Media Mix to conduct a telemarketing campaign on its behalf.

As part of this campaign, Media Mix used an ATDS, which places the calls automatically, then transfers them to live operators only when the calls are answered. An ATDS thus allows telemarketers to make thousands of calls in a cost-effective manner.

Media Mix called Plaintiff Boger on his cellular telephone at least three times between January 2017 and May 2017. All of these calls were made without Boger's consent. Boger had placed that telephone number on the National Do Not Call Registry more than five years earlier and did not otherwise consent to receive calls from Defendants.

Boger answered the calls on January 31, 2017 and May 11, 2017. Boger alleges that he was aware that both of these calls were made with an ATDS because upon answering them, he heard a lengthy pause and then a click before a live person came on the line and told him that the call was made on behalf of the Solar Research Group, which Boger alleges is a pseudonym for Trinity. During the May 11 call, the initial speaker asked Boger several questions, then connected Boger to a Trinity employee, who attempted to enroll him as a new Trinity customer. Boger then filed this putative class action on behalf of the thousands of persons who, he alleges, have received similar ATDS-initiated calls from Defendants over the past four years.

**DISCUSSION**

In their separate Motions, Defendants seek dismissal of the MTCPA claim on the grounds that it is not an independent cause of action distinct from the TCPA claim, such that Boger may not receive statutory damages under both the TCPA and MTCPA for the same conduct. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not

suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Defendants contend that the MTCPA is merely an enabling statute that empowers plaintiffs to bring a federal TCPA claim in a Maryland court. Defendants thus argue that asserting both an MTCPA claim and a TCPA claim based on the same conduct is inappropriate and duplicative. Addressing this argument requires a brief overview of the history of the TCPA and MTCPA.

Congress enacted the TCPA in 1991 to address widespread consumer complaints over practices such as telemarketing. *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. 368, 370–71 (2012). As relevant here, the statute bans the use of an ATDS to call cellular telephones unless the caller has the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A). The TCPA further provides that a "person or entity may, if otherwise permitted by the laws or rules of court of a State," bring a lawsuit "in an appropriate court of that State" against callers who violate the statute. 47 U.S.C. § 227(b)(3); *Mims*, 565 U.S. at 386–87. A plaintiff may recover either actual damages or statutory damages of $500 per call, whichever is greater, and may receive treble damages ($1,500 per call) if the defendant "willfully or knowingly violated" the law. 47 U.S.C. § 227(b)(3).

Section 227(b)(3), which creates the TCPA's private cause of action, only references the filing of such claims in state court. Following the TCPA's passage, litigants disputed whether plaintiffs could bring TCPA claims in federal court pursuant to federal question jurisdiction. In 1997, the United States Court of Appeals for the Fourth Circuit ruled that they could not, because

3

Congress had specifically "authorized jurisdiction over private actions in state courts without mentioning federal courts" and therefore "did not intend to grant jurisdiction over TCPA claims in federal district courts." *Int'l Science & Tech. Inst., Inc. v. Inacom Comms., Inc.*, 106 F.3d 1146, 1152 (4th Cir. 1997). The federal courts in the Fourth Circuit would remain closed to TCPA plaintiffs asserting federal question jurisdiction until 2012, when the United States Supreme Court overruled *International Science*. *See Mims*, 565 U.S. at 376 (holding that federal courts have federal question jurisdiction over private TCPA suits).

Meanwhile, in Maryland courts, a separate question percolated: whether TCPA plaintiffs could file suit in state court as a matter of course, without explicit authorization through a Maryland enabling statute or rule. In January 2003, the Court of Special Appeals of Maryland held that the Maryland General Assembly had chosen to "opt out" of the grant of jurisdiction over private TCPA suits provided by § 227(b)(3). *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, 815 A.2d 816, 827 (Md. Ct. Spec. App. 2003). This decision meant that both Maryland courts and federal courts were closed to TCPA plaintiffs.

The General Assembly responded the following year by passing the MTCPA, effective June 1 2004. *See* Md. Code Ann., Com. Law §§ 14-3201 to 3202; *Worsham v. Ehrlich*, 957 A.2d 161, 172 (Md. Ct. Spec. App. 2008). The MTCPA prohibits violations of the TCPA, labels such violations as unfair or deceptive trade practices, and authorizes individuals affected by an MTCPA violation to file suit in state court to recover actual or statutory damages and attorney's fees. Md. Code Ann., Com. Law §§ 14-3201 to 3202.

Then on August 2004, shortly after the MTCPA took effect, the Court of Appeals of Maryland overruled the intermediate court and held that TCPA claims under § 227(b)(3) could,

in fact, be initiated in Maryland courts. *R.A Ponte Architects, Ltd. v. Investors' Alert, Inc.*, 857 A.2d 1, 18 (Md. 2004). It did so without referencing the newly enacted MTCPA.

Based on this history, both the Maryland Court of Special Appeals and the Maryland Court of Appeals have stated *in dicta* that it is "likely that the General Assembly enacted the [MTCPA] merely to enable a private right of action under the TCPA, not to create new causes of action." *Ehrlich*, 957 A.2d at 172; *see AVG Sports Grp., Inc. v. Protus IP Solutions, Inc.*, 10 A.3d 745, 747 (Md. 2010) (quoting *Ehrlich*). Defendants therefore argue that the MTCPA claim must be dismissed because it is not a separate cause of action.

However, the Court of Appeals of Maryland has never held that a plaintiff may not assert both a TCPA and an MTCPA claim arising from the same factual basis. Indeed, in a separate case decided a year after *Ehrlich*, the Court of Special Appeals referred to the MTCPA as a "similar, but distinct" statute from the TCPA. *Worsham v. Fairfield*, 981 A.2d 24, 33 (Md. Ct. Spec. App. 2009). Significantly, a comparison of the statutes reveals notable differences that support the view that an MTCPA claim may be asserted separately. In particular, successful plaintiffs may recover attorney's fees under the MTCPA, but such fees are not available under the TCPA. *Compare* 47 U.S.C. § 227(b)(3) *with* Md. Code Ann., Com. Law § 14-3202(b)(1). In affording this additional form of recovery unavailable under the TCPA, the MTCPA cannot fairly be construed as doing no more than authorizing a TCPA claim. Likewise, while a federal TCPA claim may be brought by a corporate entity and allows for the recovery of treble damages (statutory damages of $1,500 per call) for willful or knowing violations, under the MTCPA, plaintiffs must be individuals, and statutory damages are limited to $500 per call. *Compare* 47 U.S.C. § 227(b)(3) *with* Md. Code Ann., Com. Law § 14-3202(b); *see Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 843–44 (D. Md. 2011). Finally, the TCPA and the MTCPA

have different statutes of limitations: a TCPA claim must be brought within four years, while an MTCPA claim must be filed within three years. *See Fairfield*, 981 A.2d at 25, 33. These differences undermine the claim that the MTCPA is not a freestanding cause of action and is nothing more than an enabling statute for bringing TCPA claims in state court. Here, where Boger correctly argues that dismissal of the MTCPA claim would eliminate the only statutory basis for the recovery of attorney's fees, the Court cannot conclude that dismissal of the MTCPA claim would merely eliminate duplicative claims. The motion to dismiss will therefore be denied.

In so ruling, the Court does not decide whether Boger may recover damages under both the TCPA and MTCPA for the same alleged injury. Although Defendants sought to conflate this question with the issue whether the MTCPA is a distinct cause of action, these are separate questions. Generally, a plaintiff may not receive a "double recovery under different legal theories for the same injury." *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 460 (4th Cir. 2011). At least one judge in this District has expressed doubts that plaintiffs may recover statutory damages under both the TCPA and MTCPA for the same violations. *See Pasco*, 826 F. Supp. 2d at 846.

This Court need not resolve the issue at this early stage of the case. As discussed above, the MTCPA claim will not be dismissed, at a minimum, to allow Boger to preserve a possible claim for attorney's fees. The elements of the TCPA and MTCPA claims are effectively the same, leaving the scope of discovery unaffected by the MTCPA claim's continued presence in this litigation. The question of entitlement to damages under both statutes can be addressed through briefing at a later stage of the case when the issue of the amount of damages must be decided. *See Pasco*, 826 F. Supp. 3d at 846 (in resolving cross motions for summary judgment,

6

declining to decide as premature the question whether damages may be recovered under both the

TCPA and MTCPA, which would be resolved prior to submission of the case to the jury).

## CONCLUSION

For the foregoing reasons, Trinity's Motion to Dismiss, ECF No. 22, and Media Mix's

Motion to Dismiss, ECF No. 31, will be DENIED.   A separate Order shall issue.

Date: April 18, 2018

THEODORE D. CHUANG
United States District Judge