UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DAN BOGER, *On Behalf of Himself and Others Similarly Situated,*

Plaintiff,

v.

TRINITY HEATING & AIR, INC., *d/b/a Trinity Solar,* and MEDIA MIX 365, LLC,

Defendants.

Civil Action No. TDC-17-1729

## MEMORANDUM OPINION

Plaintiff Dan Boger has brought this putative class action against Defendants Trinity Heating & Air, Inc. ("Trinity") and Media Mix 365, LLC ("Media Mix"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2012), and the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code Ann., Com. Law §§ 14-3201 to 3202 (2013). Boger alleges that Defendants violated these laws by using an automatic telephone dialing system ("ATDS") to call his cellular telephone without his consent. Pending before the Court is Trinity's Motion to Deposit Check, Enter Judgment in Plaintiff's Favor, and Dismiss the Putative Class Action Case as Moot, as well as Media Mix's Motion for Joinder in Trinity's Motion. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Trinity's Motion is DENIED, and Media Mix's Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Trinity, a company that installs solar power systems, uses telemarketing to reach new customers. To that end, Trinity hired Media Mix to conduct a telemarketing campaign on its behalf. As part of this campaign, Media Mix used an ATDS, which places calls automatically, then transfers them to live operators only when the calls are answered. Media Mix called Boger, allegedly on behalf of Trinity, at least three times using an ATDS without his consent between January 2017 and May 2017. Additional factual background relating to these calls is set forth in the Court's April 18, 2018 Memorandum Opinion in this case. *Boger v. Trinity Heating & Air, Inc.*, No. TDC-17-1729, 2018 WL 1851146, at *1 (D. Md. Apr. 18, 2018).

Boger filed this putative class action on behalf of the thousands of persons who, he alleges, have received similar ATDS-initiated calls without their consent from Defendants over the past four years. Defendants both filed Motions to Dismiss Boger's MTCPA claims, which the Court denied. Two days after the Court issued its ruling on those motions, Trinity transmitted an offer of judgment to Boger pursuant to Federal Rule of Civil Procedure 68 and requested a court order authorizing deposit of a $6,000 cashier's check into the Court's registry for transmittal to Boger. Boger rejected Trinity's offer of judgment and objected to Trinity's request to deposit funds in the Court's registry. Trinity then filed its Motion seeking entry of judgment in favor of Boger and dismissal of the case. Although the Court declined to accept the check into its accounts because of processing difficulties, it agreed to deem the check received for purposes of the resolution of the Motion.

## DISCUSSION

In its Motion, Trinity argues that by consenting to entry of judgment in Boger's favor for the full relief requested in the Complaint and by depositing with the Court, for transmittal to

2

Boger, sufficient funds to cover the judgment, Trinity has tendered to Boger complete relief, extinguished his individual claim, and deprived the Court of subject matter jurisdiction over the claims of the putative class. Trinity's argument rests upon its interpretation of *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), in which the United States Supreme Court held that an unaccepted offer of judgment in the full amount sought by the individual plaintiff in a class action case does not moot the case, but left open the question whether the result would be different if a defendant deposits the full amount of a plaintiff's individual claim into an account payable to the plaintiff and the court then enters judgment for the plaintiff in that amount. *Id.* at 672. Trinity asserts that where it has now invoked and executed on this hypothetical scenario referenced in *Campbell-Ewald*, judgment should be entered in favor of Boger, and the class action should be dismissed as moot.

Article III of the Constitution limits the judicial power of the federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). A "case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Knox v. Serv. Emps.*, 132 S. Ct. 2277, 2287 (2012)).

Determining whether Trinity's actions necessitate the entry of judgment in favor of Boger and dismissal of the case as moot requires a closer examination of the Supreme Court's decision in *Campbell-Ewald*. Much like in the present case, the plaintiff in *Campbell-Ewald*, Jose Gomez, filed suit against the Campbell-Ewald Company ("Campbell-Ewald") for a violation of the TCPA and sought to represent a class of over 100,000 individuals who had received text

3

messages without their consent. *Campbell-Ewald*, 136 S. Ct. at 667. Before the deadline for Gomez to file a motion for class certification had passed, Campbell-Ewald proposed to settle Gomez's individual claim for the maximum amount of statutory damages and an injunction against further violations of the TCPA. *Id.* at 667-68. Gomez declined the offer. *Id.* at 668. Campbell-Ewald also filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68, which Gomez rejected and allowed to lapse after the 14-day period specified in the rule. *Id.* Campbell-Ewald then moved to dismiss the case for lack of subject matter jurisdiction, claiming that its offer of judgment, though rejected, mooted Gomez's individual claim and thereby mooted the entire class action. *Id.* The Supreme Court held that, under basic principles of contract law, the unaccepted offer of judgment was a "legal nullity" and did not operate to moot Gomez's individual claim. *Id.* at 670. The Court grounded its holding in the principles that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," and that a defendant should not be empowered to pick-off a class action plaintiff to "avoid a potential adverse decision . . . that could expose it to damages a thousand-fold larger than the bid Gomez declined to accept." *Id.* at 672.

The Supreme Court, however, left open the question whether it would have reached a different result if the defendant had deposited the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court had then entered judgment for the plaintiff in that amount. *Id.* ("That question is appropriately reserved for a case in which it is not hypothetical"). Trinity argues that the Supreme Court's explicit reservation of this hypothetical scenario for future resolution necessarily means that the Court would rule that such actions would render a class action moot.

4

Since *Campbell-Ewald*, the United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has applied that holding to find that an offer of settlement that included the tendering of a check for the full amount sought by the plaintiff still did not moot the case. *See Bennett v. Office of Fed. Employee's Group Life Ins.*, 683 F. App'x 186, 188 (4th Cir. 2017). But as of the date of this opinion, no Fourth Circuit published opinion has addressed *Campbell-Ewald*'s open question. Several other circuits, however, have considered and rejected the argument offered here by Trinity.

In *Chen v. Allstate Insurance Company*, 819 F.3d 1136 (9th Cir. 2016), the United States Court of Appeals for the Ninth Circuit rejected a defendant's effort to moot a class action plaintiff's claim by depositing a check for complete relief in an escrow account for the plaintiff and requesting an order directing the escrow agent to pay the tendered funds to the plaintiff and entering final judgment for the plaintiff. *Id.* at 1141, 1148. Citing a pre-*Campbell-Ewald* case, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), the court concluded that because a named plaintiff's claim is "inherently transitory" and "evades review" when a defendant engages in the tactic of "picking off" the lead plaintiff to avoid a class action, an exception to the mootness rule is appropriate if the plaintiff can still file a timely motion for class certification. *Chen*, 819 F.3d at 1142-43 (citing *Pitts*, 653 F.3d at 1091-92). Upon consideration of *Campbell-Ewald*, the court found additional grounds to find that the tendering of the full amount of the judgment sought does not mandate entry of judgment and dismissal of a class action as moot. Noting that the *Campbell-Ewald* Court stated that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," *Campbell-Ewald*, 136 S. Ct. at 672, the court reasoned that a named plaintiff could reasonably reject an offer of judgment purportedly providing complete individual relief because such an

5

offer would not actually provide another form of relief sought by the named plaintiff: the opportunity to represent the class and seek relief on its behalf. *See Chen*, 819 F.3d at 1147. "A named plaintiff acts sensibly by pursuing all of the relief sought in the complaint, and 'a judgment satisfying an individual claim does not give a [named] plaintiff . . . exercising her right to sue on behalf of' others all that was "requested in the complaint (*i.e.*, relief for the class).'" *Id.* (quoting *Genesis Healthcare Corporation v. Symczyk*, 569 U.S. 66, 85 (2013) (Kagan, J., dissenting)). The court therefore held that even when a defendant consents to judgment affording the monetary and injunctive relief sought by the named plaintiff, a court "should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff had had a fair opportunity to move for class certification." *Chen*, 819 F.3d at 1147.

Likewise, the United States Court of Appeals for the Seventh Circuit has rejected Trinity's position under strikingly similar facts to those in the present case. In *Fulton Dental v. Bisco, Inc.*, 860 F.3d 541 (7th Cir. 2017), the defendant in a TCPA class action case deposited the maximum amount of statutory damages in the court's registry under Federal Rule of Civil Procedure 67 and argued that the district court should enter judgment in Fulton's favor and dismiss the case as moot. *Id.* at 542-43. The court identified two primary bases for declining to find that the deposit of funds required dismissal.

First, the court noted that depositing funds with the court pursuant to Rule 67 is typically for the purpose of relieving a party of the responsibility of holding contested funds and does not constitute a determination of the ownership of the funds. *Id.* at 545. Thus, such a deposit is not the equivalent of depositing funds in "an account payable to the plaintiff," the condition described in the *Campbell-Ewald* hypothetical. *Id.* (quoting *Campbell-Ewald*, 136 S. Ct. at 672). Accordingly, the court concluded that "we see no principled distinction between attempting to

force a settlement on an unwilling party through Rule 68, as in *Campbell-Ewald*, and attempting to force a settlement on an unwilling party through Rule 67." *Fulton*, 860 F.3d at 545.

Second, like the Ninth Circuit in *Chen*, the court reasoned that even funds deposited with the court do not provide the full relief sought because a class action "is about more than statutory damages . . . it is also about the additional reward that [a named plaintiff] hopes to earn by serving as the lead plaintiff for a class action." *Fulton*, 860 F.3d at 545. The court thus concluded that "we cannot say as a matter of law that the unaccepted offer was sufficient to compensate plaintiff Fulton for its loss of the opportunity to represent the putative class." *Id.* at 547. As in *Chen*, the *Fulton* court found that the underlying principle of *Campbell-Ewald* would be violated by a determination that a defendant could escape exposure to class liability by tendering a check to a third-party account and requesting judgment in the plaintiff's favor before the plaintiff had the opportunity to pursue class certification.

In an unpublished case, the United States Court of Appeals for the Second Circuit addressed a scenario similar to the *Campbell-Ewald* hypothetical and found the case moot, but in that instance, the plaintiff's class certification motion had already been fully litigated and denied. *See Leyse v. Lifetime Entm't Servs., LLC*, 679 F. App'x 44, 48 n.2 (2d Cir. 2017). Where the court explicitly distinguished *Chen* on the grounds that the plaintiff in *Chen* had not yet had the opportunity to pursue class certification, *id.*, *Leyse* appears to reinforce, rather than undermine, the reasoning of *Chen* and *Fulton* that a named plaintiff who has not had that opportunity has not received all of the relief sought.

Thus, the circuits which have addressed the *Campbell-Ewald* hypothetical in published opinions have identified two specific reasons to reject the contention that depositing funds with the Court under Rule 67 and requesting judgment in favor of the named plaintiff would render

the class action moot: (1) such an arrangement does not provide the named plaintiff with the full relief sought because that individual is not given the opportunity to represent a class and potentially receive additional rewards; and (2) the Rule 67 deposit does not actually transfer funds to an account payable to the named plaintiff. The Court finds both rationales persuasive, particularly because they are consistent with the core principle of *Campbell-Ewald* that a defendant should not be placed "in the driver's seat" to force a settlement on an unwilling class representative before a determination on class certification. *Campbell-Ewald*, 136 S. Ct. at 672. Here, in particular, where Boger has specifically sought as part of the requested relief, "Certification of the proposed Class" and "Appointment of Plaintiff as representative of the Class," the Court cannot find that Trinity's actions in tendering full payment to Boger and assenting to injunctive relief will actually provide Boger with all the relief sought. Compl. at 14, ECF No. 1. The Court therefore declines, pursuant to *Chen* and *Fulton*, to enter judgment in favor of Trinity and dismiss the class action as moot.

Consideration of the cases from other jurisdictions cited by Trinity, many of which are unpublished, does not alter this conclusion. The pre-*Campbell-Ewald* cases that distinguish as a matter of law between unaccepted settlement offers and tenders, *see, e.g.*, *Talty v. Freedman's Sav. & Tr. Co.*, 93 U.S. 321, 325 (1876) ("The offer to pay is not the equivalent for an actual tender."), are unpersuasive because a deposit in the Court's registry does not constitute a tender to an "account payable to the plaintiff" as contemplated by the *Campbell-Ewald* hypothetical. *See Fulton*, 860 F.3d at 545. Second, as Trinity has acknowledged, it is the provision of complete relief on the merits, not the tender of funds, which could moot Boger's claims. Because Trinity has not offered Boger the opportunity to be a representative in a TCPA class

action as part of the resolution, it has not provided complete relief. *See Chen*, 819 F.3d at 1147; *Fulton*, 860 F.3d at 547.

Trinity's citation to cases from this District is similarly unpersuasive. Beyond the fact that two of the three decisions relied upon were later vacated, the Court notes that two of the cited cases were not class actions and thus did not present the issue whether a tendered payment could be sufficient to afford a named plaintiff full relief when there was no opportunity to be a class representative. *See Gray v. Kern*, 143 F. Supp. 3d 363, 367 (D. Md. 2016) (finding that a tender of the actual amount necessary to provide complete relief rendered the plaintiff's claim moot in a case not filed as putative class action), *vacated on other grounds sub nom. Gray by Gray v. Kern*, 702 F. App'x 132 (4th Cir. 2017); *Price v. Berman's Auto., Inc.*, No. 14-763-JMC, 2016 WL 1089417, at *2-3 & n.3 (D. Md. Mar. 21, 2016) (noting that concerns "such as the possibility that the plaintiff might obtain relief beyond the tendered payment as well as the impact that mooting the case might have on the class action" were not implicated in this case). In the third case from this District, the court dismissed the case because the plaintiffs had actually accepted and received full financial relief on their own claims, yet they still sought to pursue class relief. *See Grice v. Colvin*, No. GJH-14-1082, 2016 WL 1065806, at *3, *7 (D. Md. Mar. 14, 2016), *opinion vacated, appeal dismissed sub nom. Hart v. Berryhill*, No. 16-1371, 2017 WL 3928324 (4th Cir. June 7, 2017).

As for district courts that have more directly grappled with *Campbell-Ewald*'s hypothetical scenario, many have concluded, consistent with *Chen* and *Fulton*, that allowing a class action defendant to use Rule 67 or other means of tender to moot a class action claim before the plaintiff has had an opportunity to seek class certification is contrary to the principles underlying *Campbell-Ewald* that a named plaintiff should have a fair opportunity to seek class

9

certification and that a defendant should not be placed in the driver's seat for a class action. *See, e.g., Brady v. Basic Research, L.L.C.*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) (rejecting defendants' attempt to use Rule 67 to moot a would-be class representative's individual claim before a motion for class certification); *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 251 F. Supp. 3d 724, 742 (S.D.N.Y. 2017) (denying without prejudice a defendant's motion to dismiss for lack of subject matter jurisdiction after the defendant tendered complete individual relief to the named plaintiff because the named plaintiff had not yet been afforded the opportunity to seek class certification); *Bell v Survey Sampling Int'l LLC*, No. 3:15-cv-1666, 2017 WL 1013294, at *5 (D. Conn. 2017) (stating that "cases allowing a defendant to 'pick off' plaintiffs simply by making a tender of complete relief deny plaintiffs a fair opportunity to pursue class claims and are contrary to the spirit of *Campbell-Ewald*"); *Radha Giesmann, M.D., P.C. v. Am. Homepatient, Inc.*, No. 4:14-cv-1538, 2016 WL 3407815, at *3 (E.D. Mo. 2016) (stating that "if this Court accepted the Defendant's argument that tender of payment moots a Plaintiff's individual claims, Defendant would essentially have control of the putative class action. . . . The law does not countenance the use of individual offers to thwart class litigation.").

Notably, several of the district court decisions that have permitted a defendant to moot a would-be class representative's claim through a tender of payment have relied on the fact that there was no evidence that the defendant or similarly situated defendants regularly engage in strategic attempts to avoid class liability. For example, in *Kaplan v. Fulton St. Brewery, LLC*, No. 17-10227-JGD, 2018 WL 2187369, at *9 (D. Mass. May 11, 2018), the court found the plaintiffs' individual and class claims moot in a breach of warranty of merchantability and unjust enrichment case but noted that the class claims might have been permitted to remain in a TCPA case, because TCPA defendants are engaged in a "widespread whac-a-mole practice aimed at

picking off a named plaintiff before class certification." *Id.* at *9 (internal citations omitted). *See also Bais Yaakov of Spring Valley v. ACT, Inc.*, 221 F. Supp. 3d 183, 188-89 (D. Mass. 2016) (holding that based on the TCPA defendants' strategy of thwarting class actions by picking off individual plaintiffs, the class claims could continue). Although these decisions were based on the "inherently transitory" doctrine, *see, e.g., Kaplan*, 2018 WL 2187369 at *9, discussed in *Chen*, 819 F.3d at 1142-43, their reference to TCPA defendants' apparent strategy of picking off named plaintiffs illustrates that allowing such a strategy to succeed would violate the principle in *Campbell-Ewald* that a defendant should not be put in the "driver's seat" to "avoid a potential adverse decision . . . that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Campbell-Ewald*, 136 S. Ct. at 672.

The reasoning of *Campbell-Ewald* is clear: a class action plaintiff should have the opportunity to seek class certification before a defendant can force a settlement. *Campbell-Ewald*, 136 S. Ct. at 672. *Fulton*'s interpretation that a settlement offer made by depositing funds under Rule 67 is no different than a Rule 68 offer of judgment reflects sound logic in that a deposit in a court's registry does not constitute a direct payment to Boger. *Fulton*, 860 F.3d at 545. Even if it did, such a payment, even combined with the requested injunction, does not necessarily satisfy Boger's interest in pursuing a class action, which simply cannot be met by any offer that precludes him from seeking class certification. *See Chen*, 819 F.3d at 1147; *Fulton*, 860 F.3d at 547. Thus, the Court will deny the Motion. Accordingly, the Court need not address the remaining arguments.

## CONCLUSION

For the foregoing reasons, Trinity's Motion to Deposit Check, Enter Judgment, and Dismiss, ECF No. 75 will be DENIED. Media Mix's Motion for Joinder, ECF No. 80, will be

11

GRANTED to the extent it seeks to join in Trinity's arguments and DENIED to the extent it seeks the same relief sought in Trinity's Motion. A separate Order shall issue.

Date: November 16, 2018

THEODORE D. CHUANG
United States District Judge